**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **OLD RIVER INVESTMENTS OZ HOLDING, LLC**<br>1660 West 2nd St., Suite 1100<br>Cleveland, OH 44113 | : <br> : <br> : <br> : <br> : | |
| Plaintiff, | : | CASE NO. _____ |
| | : | |
| v. | : | JUDGE _____ |
| | : | |
| | : | (JURY DEMAND ENDORSED |
| | : | HEREON) |
| **JOHN FORTNEY, in his official and individual capacities**,<br>Ohio Senate Republican Caucus<br>Ohio Statehouse<br>1 Capitol Square, Room 205<br>Columbus, OH 43215 | : <br> : <br> : <br> : <br> : <br> : | |
| **ROB McCOLLEY, in his official and individual capacities**,<br>Ohio Statehouse<br>1 Capitol Square, Room 201<br>Columbus, OH 43215 | : <br> : <br> : <br> : <br> : <br> : | |
| **MATT HUFFMAN, in his official and individual capacities**,<br>Ohio House of Representatives<br>77 S. High Street, 14th Floor<br>Columbus, OH 43215 | : <br> : <br> : <br> : <br> : <br> : | |
| **KIMBERLY MURNIEKS, in her official and individual capacities**,<br>James A. Rhodes State Office Tower<br>Office of Budget and Management<br>30 E. Broad Street, 34th Floor<br>Columbus, OH 43215 | : <br> : <br> : <br> : <br> : <br> : | |
| And, | : <br> : | |
| **JOHN/JANE DOES 1-10** | : <br> : | |
| Defendants. | : | |

1

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE
## RELIEF AND DAMAGES UNDER 42 U.S.C. § 1983

Plaintiff Old River Investments OZ Holding, LLC ("Plaintiff" or "Old River"), for its Complaint for Declaratory and Injunctive Relief and Damages Under 42 U.S.C. § 1983 (the "Complaint") against Defendants John Fortney, in his official and individual capacities ("Fortney"), Rob McColley, in his official and individual capacities ("McColley"), Matt Huffman, in his official and individual capacities ("Huffman"), Kimberly Murnieks, in her official and individual capacities ("Murnieks"), and John/Jane Does 1-10 (collectively, "Defendants"), states as follows:

## PARTIES

1. Plaintiff is an Ohio limited liability company.

2. Plaintiff's principal place of business is located in Cuyahoga County at 1660 West 2nd Street, Suite 1100, 44113.

3. Plaintiff has two members: George Management, LLC, and RG Opportunity Zone Fund No. 1 LLC.

4. Old River is the grantee under the Grant Agreement described herein.

5. Fortney is the Senate GOP Spokesman for the Ohio Senate. He is sued in his official capacity pursuant to *Ex parte Young*, 209 U.S. 123 (1908), for prospective declaratory and injunctive relief, and in his individual capacity for damages. At all times relevant hereto, Defendant Fortney acted under color of state law.

6. McColley is the President of the Ohio Senate. He is sued in his official capacity pursuant to *Ex parte Young* for prospective declaratory and injunctive relief, and in his individual capacity for damages. At all times relevant hereto, Defendant McColley acted under color of state law.

7. Huffman is the Speaker of the Ohio House of Representatives. He is sued in his official capacity pursuant to *Ex parte Young* for prospective declaratory and injunctive relief, and in his individual capacity for damages. At all times relevant hereto, Defendant Huffman acted under color of state law.

8. Murnieks is the Director of the Office of Budget and Management ("OBM"). The Office of Budget and Management is the state agency that entered the Grant Agreement with Old River and was holding the $3.5 million in appropriated funds at the time of the rescission. Murnieks is sued in her official capacity pursuant to *Ex parte Young* for prospective declaratory and injunctive relief, and in her individual capacity for damages. At all times relevant hereto, Defendant Murnieks acted under color of state law.

9. Defendants John/Jane Does 1–10 are state officials whose identities are presently unknown to Plaintiff, but who had a specific connection to the enactment or enforcement of the Amendment rescinding the Grant. They are sued in their official and individual capacities. Plaintiff will amend this Complaint to identify these Defendants when their identities are ascertained through discovery.

10. Pursuant to *Ex parte Young*, 209 U.S. 123 (1908), this suit against the named Defendants in their official capacities for prospective injunctive and declaratory relief is not barred by the Eleventh Amendment to the United States Constitution. *See also*, *Ball by Burba v. Kasich*, 244 F. Supp. 3d 662 (S.D. Ohio 2017). Each named Defendant has a specific connection to the enforcement of the challenged legislative action.

## CLAIMS AT ISSUE

11. This case arises from a Grant Agreement between the Office of Budget and Management and Plaintiff (the "Grant Agreement").

12. The Grant Agreement was negotiated in good faith and signed by the Parties following those good faith negotiations.

3

13.     The Grant Agreement targeted funds toward a community-changing investment Plaintiff sought to make in the Flats.

14.     Based on its belief the Office of Budget and Management would live up to its contractual obligations, Plaintiff expended significant resources into planning for the redevelopment funded by the Grant Agreement.

15.     Had the Grant Agreement been satisfied, Plaintiff's investment was the catalyst for a series of investments in the Flats that would have completed the transformation of the Flats from a blighted waterfront area into a driver for economic growth in Cleveland and Northeast Ohio.

16.     This case arises from the unconstitutional and arbitrary legislative rescission of a $3.5 million community development grant awarded to Old River by the State of Ohio for the redevelopment of the Flats—a blighted waterfront area in Cleveland, Ohio. The grant was rescinded without notice, without a hearing, and without any lawful justification, in violation of the Due Process Clause, the Contracts Clause, the Bill of Attainder Clause, and the Equal Protection Clause of the United States Constitution, as well as the Ohio Constitution and Ohio law.

17.     Defendants are fully aware that their post-Grant Agreement actions to breach the Grant Agreement are unlawful and unprecedented.

18.     In fact, when questioned about state benefits directed toward data centers that are now called into question, Huffman stated, "We can't undo a contract the state entered into because that's a taking under the Constitution without due process of law."

19.     Huffman did not follow his own position in this matter.  Rather, Defendants unlawfully undid the Grant Agreement after it had been negotiated and agreed upon.

4

20. *In Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions seeking injunctive relief against a state official for an ongoing violation of law or the Constitution.

21. In *State of Georgia v. Trustees of Cincinnati Southern Ry.*, 248 U.S. 26 (1918), the Supreme Court held that a state could not unilaterally revoke a grant that was made and accepted.

22. Based on the clear and knowing violation of the Constitution, Old River seeks declaratory and injunctive relief, compensatory and punitive damages, and attorney's fees and costs under 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

24. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

25. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the performance and intended benefits of the Grant Agreement in Cleveland, Ohio.

26. This Court is authorized to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to 42 U.S.C. § 1983.

## FACTUAL BACKGROUND – THE GRANT AGREEMENT

27. In 2024, the 135th Ohio General Assembly appropriated $717.8 million to the Office of Budget and Management ("OBM") in appropriation item 042509, One Time Strategic Community Investments. *See* Sub. H.B. 2, 135th Gen. Assembly (Ohio 2024) (the "Act").

5

28.     On August 1, 2024, OBM and Old River entered into the Grant Agreement in the amount of $3.5 million for the Flats River Development project in Cleveland, Ohio. The Grant Agreement established a performance period from August 1, 2024, to July 31, 2026.

29.     The purpose of the Grant Agreement was to benefit the City of Cleveland and its residents by transforming blighted riverfront real estate into an entertainment district. The project was projected to provide approximately 200 jobs and generate approximately $1.5 million in annual tax revenue.

30.     The Grant Agreement was a valid, binding, and executed contract between OBM, on behalf of the State of Ohio, and Old River. Old River is the direct grantee and the entity entitled to receive and expend the Grant Agreement funds.

31.     Upon information and belief, the State paid the appropriated funds to OBM, which was holding the funds allocated to Old River at the time of the rescission.

**FACTUAL BACKGROUND – THE TARGETED RESCISSION**

32.     In March 2025, the 136th Ohio General Assembly, through an amendment to the Act (the "Amendment"), rescinded the $3.5 million grant to Old River. The line-item for the Flats River Development was specifically struck from the appropriation on page 187 of the Amendment to the Act.

33.     The rescission was targeted: it singled out the Old River grant from among hundreds of community investment grants funded under the same appropriation. No other grant was similarly rescinded.

34.     Old River received no notice prior to the rescission of its Grant Agreement.

35.     Old River was given no opportunity for a hearing or any other process to contest the rescission before it took effect.

36.     The Amendment provided no justification for the rescission of the Grant Agreement.

37. The Amendment did not provide Old River with the right to appeal, review or challenge the rescission of the Grant Agreement.

38. The Amendment did not provide Old River with compensation for the funds expended pursuing the project to be developed by the Grant Agreement.

39. The rescission nullified Old River's contractual right to receive the $3.5 million in Grant Agreement funds and frustrated the public purpose for which the Grant Agreement was awarded.

40. Defendants' actions were unlawful.

41. Defendants' actions were a knowing violation of the Grant Agreement and the Constitution.

42. Defendants' actions have significantly damaged Plaintiff.

43. Defendants' actions have significantly damaged Northeast Ohio and greatly slowed the redevelopment of the Flats.

## CAUSES OF ACTION

### COUNT I

**Violation of Procedural Due Process**
**(42 U.S.C. § 1983; U.S. Const. amend. XIV)**
**(Against All Defendants)**

44. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

45. The executed Grant Agreement between OBM and Old River created a constitutionally protected property interest in the $3.5 million in Grant funds. *See Board of Regents v. Roth*, 408 U.S. 564 (1972); *Perry v. Sindermann*, 408 U.S. 593 (1972).

46. Defendants, acting under color of state law, deprived Old River of its constitutionally protected property interest by rescinding the Grant through the Amendment without providing any notice or opportunity to be heard.

7

47.     Under the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the deprivation was constitutionally deficient: (a) the private interest affected is significant—$3.5 million tied to an executed contract; (b) the risk of erroneous deprivation is high because no process whatsoever was afforded; and (c) the government's interest does not justify the total absence of process.

48.     The Due Process Clause of the Fourteenth Amendment requires, at a minimum, notice and an opportunity to be heard before the government deprives a person of a protected property interest. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982).

49.     Defendants' actions violated 42 U.S.C. § 1983 by depriving Old River of its property without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

50.     As a direct and proximate result of Defendants' actions, Old River has suffered damages in an amount to be proven at trial, but not less than $3.5 million.

## COUNT II

### Violation of the Contracts Clause
### (U.S. Const. art. I, § 10, cl. 1; 42 U.S.C. § 1983)
### (Against All Defendants)

51.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

52.     The Grant Agreement is a valid and binding contract between OBM, on behalf of the State of Ohio, and Old River.

53.     The Amendment substantially impairs Old River's contractual rights by nullifying the Grant Agreement's core obligation—the State's commitment to pay $3.5 million for the Flats River Development project.

8

54.     Because the State impaired its own contract, heightened scrutiny applies. *United States Trust Co. v. New Jersey*, 431 U.S. 1 (1977). The State bears the burden of demonstrating that the impairment is reasonable and necessary to serve an important public purpose.

55.     The State's purported justification for the rescission is insufficient. The Grant was awarded for public benefit, not personal enrichment. Less drastic alternatives to outright rescission were available to the State.

56.     The Amendment constitutes an unconstitutional impairment of the obligation of contract in violation of Article I, Section 10, Clause 1 of the United States Constitution. *See Georgia v. Trustees of Cincinnati S. Railway*, 248 U.S. 26 (1918); *Russell v. Sebastian*, 233 U.S. 95 (1914).

57.     While the Sixth Circuit has held that a Contracts Clause violation alone does not give rise to a § 1983 action, *Kaminski v. Coulter*, 865 F.3d 339 (6th Cir. 2017), the Contracts Clause violation informs and strengthens the due process analysis and supports an independent claim for declaratory and injunctive relief.

58.     As a direct and proximate result of Defendants' actions, Old River has suffered damages in an amount to be proven at trial, but not less than $3.5 million.

## COUNT III

**Violation of Substantive Due Process**
**(42 U.S.C. § 1983; U.S. Const. amend. XIV)**
**(Against All Defendants)**

59.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

60.     The Fourteenth Amendment's substantive due process protections prohibit government action that is arbitrary, irrational, conscience-shocking, or that bears no rational relationship to a legitimate governmental interest.

9

61. The legislative rescission of the Grant was arbitrary and irrational. The Amendment targeted a single grant and a single grantee from among hundreds of community investment appropriations, without any lawful justification.

62. The rescission shocks the conscience. The State entered into a binding contract with Old River, and then a subsequent legislature unilaterally nullified that contract based on unproven allegations against an individual who is not the grantee and who has not been indicted or convicted of any crime.

63. The rescission is not rationally related to any legitimate government interest. No individual is the direct recipient of the Grant; the Grant served public purposes including job creation and urban revitalization; and less restrictive alternatives were available to protect any legitimate governmental interest. *See PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274 (11th Cir. 2021); *Kentner v. City of Sanibel*, 750 F.3d 1274 (11th Cir. 2014); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982).

64. Defendants' actions violated 42 U.S.C. § 1983 by depriving Old River of its constitutionally protected property interest in a manner that shocks the conscience and is arbitrary and irrational.

65. As a direct and proximate result of Defendants' actions, Old River has suffered damages in an amount to be proven at trial, but not less than $3.5 million.

## COUNT IV

**Breach of Contract**
**(Ohio State Law; Supplemental Jurisdiction Under 28 U.S.C. § 1367)**

66. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

67. On August 1, 2024, OBM, on behalf of the State of Ohio, and Old River entered into a valid and binding Grant Agreement for $3.5 million for the Flats River Development project.

10

68. Old River performed, or was ready, willing, and able to perform, all conditions precedent and obligations under the Grant Agreement.

69. The State breached the Grant Agreement by rescinding the Grant through the Amendment, thereby refusing to honor its contractual obligation to provide the $3.5 million in Grant funds.

70. As a direct and proximate result of the breach, Old River has suffered damages in an amount to be proven at trial, but not less than $3.5 million, plus consequential damages, interest, and such other relief as may be appropriate.

71. This claim is timely brought within the six-year statute of limitations applicable under Ohio law.

<u>**COUNT V**</u>

**Prohibited Bill of Attainder**
**(U.S. Const. art. I, § 9; 42 U.S.C. § 1983)**
**(Against All Defendants)**

72. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

73. Article I, Section 9 of the United States Constitution prohibits the enactment of bills of attainder—legislative acts that inflict punishment on a specific individual or entity without a judicial trial.

74. The Amendment constitutes a prohibited bill of attainder because it specifically targets Old River for punishment—the deprivation of $3.5 million in vested contractual rights— without any judicial proceedings.

75. The Amendment bears the hallmarks of a bill of attainder: (a) legislative specification of the affected person—Old River's grant was the only one struck from among hundreds of community investment grants; (b) punishment without judicial trial—the deprivation of vested contractual rights without any adjudicative process; and (c) determination

11

of wrongdoing by legislative rather than judicial process—the rescission was premised on unproven allegations against an individual who is not even the grant recipient. *See Mascio v. Pub. Emps. Ret. Sys. of Ohio*, 160 F.3d 310 (6th Cir. 1998).

76. No individual is the direct grant recipient. The arbitrary and punitive nature of this targeted legislative action underscores that the Amendment operates as a bill of attainder prohibited by the United States Constitution.

77. As a direct and proximate result of Defendants' actions, Old River has suffered damages in an amount to be proven at trial, but not less than $3.5 million.

### COUNT VI

**Violation of Equal Protection — Class of One**
**(42 U.S.C. § 1983; U.S. Const. amend. XIV)**
**(Against All Defendants)**

78. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

79. The Equal Protection Clause of the Fourteenth Amendment prohibits the State from treating similarly situated persons or entities differently without a rational basis. A plaintiff may bring a "class of one" equal protection claim by demonstrating that the government intentionally treated it differently from others similarly situated and that there is no rational basis for the difference in treatment, or that the differential treatment was motivated by animus or ill will. *See Rieg v. Vill. of Seville*, 725 F. Supp. 3d 758 (N.D. Ohio 2024).

80. Old River was treated disparately compared to other similarly situated grant recipients under the One Time Strategic Community Investments appropriation. Hundreds of grant recipients received funding under the same appropriation; Old River was the only recipient whose grant was rescinded.

81. The targeting of Old River appears motivated by political considerations related to an associated party who is not the grant recipient rather than by any legitimate policy

concern. The rescission lacks a rational basis because the Grant served legitimate public purposes, including job creation and tax revenue generation, and the associated party is not the direct grant recipient.

82.     Defendants' actions violated 42 U.S.C. § 1983 by depriving Old River of the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

83.     As a direct and proximate result of Defendants' actions, Old River has suffered damages in an amount to be proven at trial, but not less than $3.5 million.

## COUNT VII

### Unconstitutional Taking Without Just Compensation
### (Ohio Const. art. I, § 19; Supplemental Jurisdiction Under 28 U.S.C. § 1367)
### (Against All Defendants)

84.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

85.     Article I, Section 19 of the Ohio Constitution provides enhanced protection for property interests beyond that afforded by the federal Takings Clause. *See McCarthy v. City of Cleveland*, 626 F.3d 280 (6th Cir. 2010).

86.     The executed Grant Agreement created a specific, identifiable property interest in the $3.5 million in Grant funds. The legislative rescission constitutes a direct appropriation of that property interest without just compensation.

87.     The rescission operates to transfer Old River's vested contractual rights back to the State without any compensation, constituting a taking under Ohio's broader constitutional framework.

88.     As a direct and proximate result of Defendants' actions, Old River has suffered damages in an amount to be proven at trial, but not less than $3.5 million, and is entitled to just compensation.

13

## COUNT VIII

### Violation of Ohio's One-Subject Rule
### (Ohio Const. art. II, § 15(d); Supplemental Jurisdiction Under 28 U.S.C. § 1367)
### (Against All Defendants)

89.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

90.     Article II, Section 15(d) of the Ohio Constitution provides that "[n]o bill shall contain more than one subject." This one-subject rule prohibits the inclusion of substantive, controversial provisions in appropriations bills when those provisions lack a sufficient nexus to the bill's primary subject matter.

91.     The legislative rescission of Old River's Grant was tactically inserted into the Amendment—a transportation and appropriations bill—without proper legislative debate or consideration. The rescission lacks a sufficient nexus to the transportation budget and appears to have been added as a rider to avoid public scrutiny. *See Plain Loc. Sch. Dist. Bd. of Educ. v. DeWine*, 486 F. Supp. 3d 1173 (S.D. Ohio 2020).

92.     Under the three-factor test established by Ohio courts, the rescission provision is (a) substantive and significant, (b) inherently controversial, and (c) lacks unity of subject matter with the transportation appropriations bill into which it was inserted.

93.     The rescission provision violates the one-subject rule and is therefore unconstitutional and void. The provision should be severed from the remainder of the appropriations bill, thereby restoring Old River's Grant.

## COUNT IX

### Estoppel in Pais
### (Ohio State Law; Supplemental Jurisdiction Under 28 U.S.C. § 1367)
### (Against All Defendants)

94.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

14

95. Under Ohio law, a party may not retain the benefits of a contract while simultaneously repudiating its obligations. *See AtriCure, Inc. v. Meng*, 12 F.4th 516 (6th Cir. 2021); *Ragen v. Hancor, Inc.*, 920 F. Supp. 2d 810 (N.D. Ohio 2013).

96. The State entered into a formal, executed Grant Agreement with Old River, accepted Old River's compliance with grant requirements, and allowed Old River to proceed with development planning and expenditures in reliance on the Grant Agreement. Having accepted the benefits of the contractual relationship, the State is estopped from rescinding its obligations.

97. Old River reasonably relied on the Grant Agreement and the State's representations in undertaking development planning, incurring expenses, and foregoing other opportunities. The State's rescission of the Grant after inducing such reliance violates fundamental principles of equity and fair dealing.

98. As a direct and proximate result of the State's conduct, Old River has suffered damages in an amount to be proven at trial, but not less than $3.5 million.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Old River Investments OZ Holding, LLC respectfully requests that this Court enter judgment in its favor and against Defendants and grant the following relief:

A. A declaratory judgment that the Amendment rescinding the Grant is unconstitutional as violative of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment, the Contracts Clause and Bill of Attainder Clause of the United States Constitution, and Article I, Section 19 and Article II, Section 15(d) of the Ohio Constitution;

B. A preliminary and permanent injunction preventing Defendants from enforcing the Grant rescission and requiring Defendants to honor the Grant Agreement;

C. Compensatory damages against Defendants in their individual capacities in an amount to be proven at trial, but not less than $3,500,000.00;

15

D.      Punitive damages against Defendants in their individual capacities in an amount sufficient to deter future similar conduct;

E.      An award of reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988;

F.      Just compensation for the unconstitutional taking of Old River's property interest in the Grant funds under Article I, Section 19 of the Ohio Constitution;

G.      Nominal damages;

H.      Such other and further relief as this Court deems just, proper, and equitable.

**Dated: July 22, 2026**

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Y. Timothy Chai (0092202)
Alyssa M. Belli (0096623)
Gordon Rees Scully Mansukhani
127 Public Square, Suite 5130
Cleveland, Ohio 44114
T: (216) 302-2531
F: (216) 539-0026
dcampbell@grsm.com
tchai@grsm.com
ambelli@grsm.com

*Attorneys for Plaintiff*

16

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ David A. Campbell
David A. Campbell (0066494)