**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OLD RIVER INVESTMENTS OZ HOLDING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN FORTNEY, in his official and individual capacities, et al.,<br><br>Defendants. | ) | CASE NO. 1:26-CV-01708<br><br>JUDGE BRIDGET MEEHAN BRENNAN |

**DEFENDANTS ROB McCOLLEY, JOHN FORTNEY, AND KIMBERLY MURNIEKS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO MOVE, PLEAD, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**

Defendants Ohio Senate President Rob McColley, Ohio Senate Director of Communications John Fortney, and Director of the Ohio Office of Budget and Management Kimberly Murnieks, in their official capacities, (collectively, "Moving Defendants"), by and through undersigned counsel, respectfully move this Court pursuant to Fed. R. of Civ. P. 6(b)(1)(A) for an extension of time, up to and including October 13, 2026, to move, plead, or otherwise respond to Plaintiff's Complaint. This motion is unopposed.

In support thereof, Moving Defendants state as follows:

1. On July 22, 2026, Plaintiff Old River Investments OZ Holding, LLC ("Plaintiff") filed its Complaint for Declaratory and Injunctive Relief and Damages under 42 U.S.C. § 1983 against Moving Defendants and Defendant Matt Huffman, each in their official and individual capacities. (Doc. 1.)

2. Because each Moving Defendant is sued in both an official capacity and an individual capacity, Plaintiff was required to effect service both officially and personally on each defendant. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (holding that service on a state official in the official's governmental office does not confer personal jurisdiction over the official in his or her individual capacity); Fed. R. Civ. P. 4(e) (personal service); Fed. R. Civ. P. 4(j)(2) (service on state officer in official capacity).

3. Service was completed on all three Moving Defendants on July 28, 2026, when a process server delivered the Complaint and Summons to the Ohio Senate Clerk's Office at the Ohio Statehouse in Columbus, Ohio and to the offices of the Ohio Office of Budget and Management. This, however, only constituted proper service for the Moving Defendants in their official capacities, but not in their individual capacities.

4. Under Fed. R. Civ. P. 12(a)(1)(A)(i), the response deadline based solely on service on the Moving Defendants in their official capacities would be August 18, 2026—twenty-one (21) days after service.

5. Rather than requiring Plaintiff to effect formal personal service on each Moving Defendant separately, the Moving Defendants have agreed to waive personal service pursuant to Fed. R. Civ. P. 4(d). Waiver requests were sent to each Moving Defendant on August 14, 2026. Counsel for Moving Defendants signed and returned the Waiver of Service forms on August 17, 2026.

6. Under Fed. R. Civ. P. 4(d)(3), a defendant who executes a waiver of service is afforded sixty (60) days from the date the waiver request was sent in which to respond to the complaint. Sixty days from August 14, 2026 is October 13, 2026.

7. Accordingly, as to their individual-capacity claims, Moving Defendants' response deadline is October 13, 2026.

8. The dual-capacity posture of this case creates two separate response deadlines for the Moving Defendants: August 18, 2026 (based on official-capacity service) and October 13, 2026 (based on the waiver of personal service). Without relief from this Court, Moving Defendants would face staggered deadlines arising from the same Complaint.

9. In the interest of judicial efficiency and the orderly administration of this case, Moving Defendants respectfully request that the Court establish a single, unified response date of **October 13, 2026** for all Moving Defendants to move, plead, or otherwise respond to Plaintiff's Complaint in both their official and individual capacities.

10. A unified response date will avoid the inefficiency of piecemeal filings, reduce the burden on the Court and the parties, and allow Moving Defendants to present a coordinated response to Plaintiff's claims.

11. Pursuant to Local Rule 7.1(a), undersigned counsel conferred with Plaintiff's counsel on August 14, 2026 regarding the relief sought herein. Counsel for Plaintiff has indicated that Plaintiff does not object to the requested extension of time.

**WHEREFORE**, Moving Defendants respectfully request that this Court enter an Order extending the time for Defendants Rob McColley, John Fortney, and Kimberly Murnieks to move, plead, or otherwise respond to Plaintiff's Complaint until and including October 13, 2026.

Respectfully submitted,

*/s/ Mark D. Wagoner Jr.*
Mark D. Wagoner Jr. (0068577)
Matthew T. Kemp (0093136)
SHUMAKER, LOOP & KENDRICK, LLP
1000 Jackson Street
Toledo, Ohio 43604-5573
Telephone: (419) 321-1412
Email: mwagoner@shumaker.com
mkemp@shumaker.com

*Counsel for Defendants Rob McColley, John Fortney, and Kimberly Murnieks*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Mark D. Wagoner Jr.*
Mark D. Wagoner Jr. (0068577)
Matthew T. Kemp (0093136)
SHUMAKER, LOOP & KENDRICK, LLP

*Counsel for Defendants Rob McColley, John Fortney, and Kimberly Murnieks*